RECEIVED BY MAIL
JAN 2 3 2006

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. 4:04CR572(JCH)

CHANDRA ALVAREZ,

    Defendant.

## INTERIM PAYMENT ORDER

This matter is before the Court upon the motion of John Stobbs II, counsel appointed under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to authorize the interim payment of fees and expenses.

Although permitted by statute, interim payments are not generally authorized in non-death penalty cases unless such payments are necessary and appropriate to relieve appointed counsel of the financial hardships imposed by an extended and complex criminal case. Vol. VII Guide to Judiciary Policies and Procedures Appointment of Counsel in Criminal Cases, ¶ 2.30A (Administrative Office of the United States Courts) (hereinafter referred to as the Guide). The undersigned believes that interim payments are both necessary and appropriate in this case. Therefore, counsel's Motion for Memorandum Order Authorizing Interim Payments is **GRANTED**.

The CJA and the Guide set forth the procedures for securing the payment of fees and the reimbursement of expenses under the CJA. In addition to these procedures, the following supplemental procedures shall also apply during the course of counsel's representation in this case:

1. Submission of Interim Vouchers.

Counsel shall submit to the Clerk of the Court interim vouchers (CJA Form 20), "Appointment of and Authority to Pay Court Appointed Counsel." Compensation shall be claimed at the rate of $90.00 per hour for both in court time and out of court time. In the initial Interim Voucher, counsel shall claim compensation earned and reimbursable expenses incurred from the date

of appointment through and including the date of this order. Counsel shall submit an Interim Voucher for compensation earned and reimbursable expenses incurred for each ninety day period thereafter (the "Interim Period"). Interim vouchers shall be submitted no later than 14 days from the end of each Interim Period. The Court will endeavor to review the Interim Vouchers promptly.

Compensation approved by the Court will be authorized for payment at 75% of the total amount approved. The Court will also authorize payment for all approved expenses.

2. Final Voucher.

Within 45 days from the conclusion of proceedings before the District Court, counsel shall submit a Final Voucher seeking payment of the 25% balance withheld from the Interim Voucher(s), as well as payment for compensation earned and expenses incurred after the last day of the immediately preceding Interim Period.[1] Additionally, counsel shall submit a detailed memorandum containing the following information:

      a. the number of Interim Vouchers submitted;

      b. the dates covered by each Interim Voucher;

      c. the total amount claimed on each Interim Voucher;

      d. the total amount per Interim Voucher approved by the Court for payment; and

      e. the amount paid to counsel for each Interim Voucher.

3. Expenses.

Counsel will reimbursed for out-of-pocket expenses reasonably incurred incident to the representation in accordance with the applicable instructions and procedures. Counsel's attention is directed to the instructions and procedures which require that certain expenses be itemized or documented. In particular, counsel is advised that a copy of a paid receipt or canceled check is required for any expense over fifty dollars ($50.00) and for unusual expenses such as overnight

---

[1] A final voucher must be submitted to the District Court within 45 days after the conclusion of proceedings even if counsel continues in the representation on appeal.

2

delivery and courier service.

4. Disclosure.

Because the disclosure of certain information contained in the Interim Voucher(s) or the worksheets or attachments thereto may compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information, the Clerk of the Court is hereby directed to safeguard the Interim Voucher(s), including all worksheets and attachments thereto, from public disclosure until all proceedings before the District Court have been concluded. Nothing herein, however, shall be interpreted as prohibiting the Clerk from disclosing to the Circuit Court or to the Administrative Office of the United States Courts such information as may be necessary to process the interim vouchers for payment.

5. Miscellaneous.

Counsel shall complete the Interim and Final vouchers in accordance with the CJA, the Guide, and this Order. Counsel may find the following general information helpful:

> a. An Interim Voucher should be clearly labeled "Interim Voucher" and the Final Voucher should be clearly labeled "Final Voucher." Interim Vouchers should be sequentially numbered (i.e, "Interim Payment #1," "Interim Payment #2," etc.). Additional vouchers (CJA Form 20) may be obtained from the Clerk of the Court.
> b. Both the Interim and the Final Vouchers shall be supported by worksheets detailing and itemizing in-court time, out-of-court time, travel expenses and other expenses.
> c. Compensation for investigative, expert and other services should be claimed directly by the service provider on CJA Form 21, "Authorization and Voucher for Expert and Other Services."

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2006.

Approved:

*James B. Loken*

CHIEF JUDGE,

UNITED STATES COURT OF APPEALS FOR THE EIGHTH JUDICIAL CIRCUIT

Dated this _19_ day of _Jan._, 2006.